Samuel E. Cooley, Esquire (Cal. Bar No. 308933)
MAXEY-FISHER, PLLC
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
Telephone:  (727) 230-4949
Facsimile:   (727) 230-4827
Email: scooley@maxeyfisher.com

*Counsel for Defendants Underrated
Presents, Inc., Cyril Bitar, Jordan Ziv, and
Michael Westerband*

---

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| **DANNY BITAR, an individual,** | |
| **Plaintiff,** | **Case No.  2:19-cv-07123-AB-FFM** |
| **v.** | **DEFENDANTS UNDERRATED PRESENTS, INC. AND CYRIL BITAR'S ANSWER AND, AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT; AND COUNTERCLAIMS** |
| **SAYERS CLUB, a California business; UNDERRATED PRESENTS, INC., a California corporation; CYRIL BITAR, an individual; JORDAN ZIV, an individual; MICHAEL WESTERBAND, an individual; and DOES 1 – 25, inclusive,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

---

The following is the Answer of Underrated Presents, Inc., a California corporation ("Underrated"), and Cyril Bitar, an individual (collectively, the

"Underrated Defendants") to the Complaint filed by Plaintiff, Danny Bitar:

## **PARTIES**

1.   Without knowledge, therefore denied.

2.   Without knowledge, therefore denied.

3.   Without knowledge, therefore denied.

4.   Admitted.

5.   Admit that Cyril Bitar was and is the President and Chief Executive Officer of Underrated. Admitted to the extent Cyril Bitar was previously a director of Underrated. The Underrated Defendants deny all other allegations contained in Paragraph 5.

6.   Admitted.

7.   Admit that Michael Westerband was previously a Director of Underrated. The Underrated Defendants deny all other allegations contained in Paragraph 7.

8.   Without knowledge, therefore denied.

## **GENERAL ALLEGATIONS**

9.   Without knowledge, therefore denied.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Admit that Sayers Club is a nightclub that is 1 ½ blocks away from Station

1640 and is located in Los Angeles County. The Underrated Defendants deny all other allegations in Paragraph 14.

15.  Denied.

16.  Denied.

17.  Admitted.

18.  Admitted.

19.  Admitted to the extent the webpage includes the text referenced in Paragraph 19 of the Complaint. Underrated Defendants are without knowledge of the remaining allegations, which are therefore denied.

## FIRST CAUSE OF ACTION

20.  Underrated Defendants repeat and reallege each of the answers set forth above and incorporate them by reference herein.

21.  Admit that the name "Clinic Wednesdays" is a distinctive and famous service mark owned by Cyril Bitar. The Underrated Defendants deny all other allegations in Paragraph 21.

22.  Denied.

23.  Admit that Sayers Club is located 1 ½ blocks from Station 1640. The Underrated Defendants deny all other allegations contained in Paragraph 23.

24.  Denied.

25.  Denied.

## SECOND CAUSE OF ACTION

26. Underrated Defendants repeat and reallege each of the answers set forth above and incorporate them by reference herein.

27. Admit that the trade name "Clinic Wednesdays" is a distinctive and famous common law service mark owned by Cyril Bitar that is protected under Federal law, including 15 U.S.C. § 1125(c). The Underrated Defendants deny all other allegations contained in Paragraph 27.

28. Denied.

### THIRD CAUSE OF ACTION

29. Underrated Defendants repeat and reallege each of the answers set forth above and incorporate them by reference herein.

30. Admit that the trade name "Clinic Wednesdays" is a distinctive and famous common law service mark owned by Cyril Bitar that is protected under California law, including Cal. Bus. & Prof. Code § 14247. The Underrated Defendants deny all other allegations contained in Paragraph 30.

31. Denied.

### FOURTH CAUSE OF ACTION

32. Underrated Defendants repeat and reallege each of the answers set forth above and incorporate them by reference herein.

33. Denied.

34. Denied.

35. Denied.

## **FIFTH CAUSE OF ACTION**

36.   Underrated Defendants repeat and reallege each of the answers set forth above and incorporate them by reference herein.

37.   Denied.

38.   Denied.

39.   Denied.

## **PRAYER**

Wherefore, Underrated Defendants pray this Court will deny Plaintiff all requested relief and award the Underrated Defendants reasonable attorneys' fees and costs for defending this claim.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
*Failure to state a claim*

1.   Plaintiff's Complaint and each cause of action therein fails to state a claim for which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
*Lack of Standing*

2.   Plaintiff lacks standing to the extent Plaintiff's claims are based on allegations of ownership in rights to marks held by other parties.

3.   Plaintiff does not retain the purported ownership rights as alleged in the Complaint.

4.   Cyril Bitar is the owner of the asserted trademark and therefore Plaintiff

lacks standing to bring claims which must be brought by the proper owner.

**THIRD AFFIRMATIVE DEFENSE**
*Unclean Hands*

5.    Plaintiff's claims for relief are barred in whole or in part, under the doctrine of unclean hands.

6.    Plaintiff acted unethically and in bad faith during the events described the Complaint.

7.    Plaintiff made threatening statements to Underrated.

8.    Plaintiff attempted to gain control of portions of the Underrated Defendants' business and assets, including the CLINIC WEDNESDAYS trademark, through the use threatening statements made to the Underrated Defendants.

**FOURTH AFFIRMATIVE DEFENSE**
*Competition Privilege or Justification*

9.    The Underrated Defendants have acted with privilege or justification, and their actions, conduct, and dealings have been lawful and carried out for legitimate business purposes in a commercially reasonable manner.

**FIFTH AFFIRMATIVE DEFENSE**
*Non-Infringement*

10.  Plaintiff's claims are barred because Underrated Defendants did not and do not infringe any applicable trademarks under federal or state law.

11.  Underrated Defendants cannot be held liable to Plaintiff for infringement of a trademark that Plaintiff does not own.

## SIXTH AFFIRMATIVE DEFENSE
*No Damage*

12.   Plainitiff's claims are barred on the basis that there has been no damage of any amount or manner by reason of any act committed by the Underrated Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
*Lack of Irreparable Harm*

13.   Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from the Underrated Defendants' actions.

## EIGHTH AFFIRMATIVE DEFENSE
*Duplicative Claims*

14.   Any remedies are limited to the extent that there is overlap or duplicative recovery sought pursuant to the various claims for any alleged single wrong.

## NINTH AFFIRMATIVE DEFENSE
*Unjust Enrichment*

15.   Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case.

16.   Plaintiff would be unjustly enriched if this Court were to award Plaintiff with the full recovery sought.

## RESERVATION OF ADDITIONAL DEFENSES

The Underrated Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action at this time. The Underrated Defendants hereby

reserve the right to assert additional defenses based upon information ascertained or obtained during discovery.

## DEFENDANT UNDERRATED PRESENTS, INC.'S COUNTERCLAIMS

Defendants, Underrated Presents, Inc. ("Underrated") and Cyril Bitar (collectively referred to as ("Underrated Defendants"), through their undersigned counsel, assert the following counterclaims for declaratory judgement of non-infringement, declaratory judgement of trademark ownership and the exclusive right to use, trademark infringement, unfair competition, and unfair trade practices.

## NATURE OF ACTION, PARTIES, AND VENUE

1.     This Court has subject matter jurisdiction over the Underrated Defendants' counterclaims for declaratory relief under 28 U.S.C. § 1331 as a result of federal questions relating to 28 U.S.C. § 2201.

2.     This Court has subject matter jurisdiction over the Underrated Defendants' counterclaims for unfair competition as a result of federal questions relating to 15 U.S.C. § 1125(a).

3.     This Court has supplemental jurisdiction over the Underrated Defendants' other counterclaims under 28 U.S.C. § 1367.

4.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) as all parties are residents of this District and the acts underlying the Underrated Defendants' counterclaims occurred within this District.

5.    Plaintiff is an individual residing and doing business in Los Angeles, Los Angeles County, California.

6.    Underrated has a principal place of business in Glendale, Los Angeles County, California.

7.    Cyril Bitar is an individual residing in Los Angeles, Los Angeles County, California.

## FACTS COMMON TO ALL COUNTERCLAIMS

8.    Underrated is a creative event and branding company.

9.    Cyril Bitar is the Chief Executive Officer of Underrated.

10.  Underrated creates, markets, books talent for, promotes, and otherwise brands events.

11.  On or around January 01, 2014, Underrated began producing a weekly event titled Clinic Wednesdays.

12.  Underrated is the exclusive licensee of the CLINIC WEDNESDAYS word mark and the CLINIC WEDNESDAYS word plus design mark (the "Logo"; collectively the "CLINIC WEDNESDAYS Trademarks"), both of which are owned by Cyril Bitar. The Logo is shown below:



13.  Plaintiff owns and operates a nightclub located at 1640 N Cahuenga

Boulevard, Los Angeles, California 90028, currently named Station 1640. From 2012 to July of 2018 the nightclub was named Couture. The nightclub will be referred to herein as "Station 1640" for all time periods.

14.    Station 1640 was chosen and served as the location for Underrated's weekly events titled as Clinic Wednesdays.

15.    Underrated created, marketed, booked talent for, and promoted the Clinic Wednesdays that were hosted at Station 1640.

16.    Station 1640 was the venue for Underrated's weekly Clinic Wednesdays events from around January 2014 until around March 20, 2019.

17.    Beginning around March 27, 2019 and continuing to the present, the venue for Underrated's weekly Clinic Wednesdays events has been a nightclub called Sayers Club, located in Los Angeles, California.

18.    From 2014 to the present, regardless of the venue for the event, Underrated contracted with the artists, through written agreements, at Clinic Wednesdays events.

19.    Plaintiff was not a party to the agreements between Underrated and the artists related to the Clinic Wednesday events.

20.    Underrated was the sole entity behind the creation, marketing, booking talent for, promotion, and branding of the Clinic Wednesdays events.

21.    Underrated's use of the CLINIC WEDNESDAYS Trademarks was prior to any purported use by Plaintiff.

22.   Underrated's use of the CLINIC WEDNESDAYS Trademarks has resulted in substantial notoriety and consumer recognition of the CLINIC WEDNESDAYS Trademarks identifying Underrated as the source of the live entertainment and music events provided in connection with the CLINIC WEDNESDAYS Trademarks.

23.   Underrated has developed substantial and valuable goodwill in the CLINIC WEDNESDAYS Trademarks.

24.   As a result of the widespread, continuous, and exclusive use of the CLINIC WEDNESDAYS Trademarks to identify their live entertainment and music event services, and the Underrated Defendants as their source, Cyril Bitar owns valid and subsisting federal statutory, California Statutory, and common law rights to the CLINIC WEDNESDAYS Trademarks.

25.   As part of its marketing and branding efforts, Underrated secured social media accounts for the Clinic Wednesdays event, including a Facebook page, Instagram account, and Twitter account.

26.   Plaintiff was not involved with, nor did he take any actions related to, the formation or maintenance of the social media accounts for the Clinic Wednesdays events.

27.   Since 2014, Underrated has and continues to distribute flyers and other advertising materials bearing the CLINIC WEDNESDAYS Trademarks.

28.   On or around January 17, 2014, Underrated purchased the web domain

rights for URL clinicwednesdays.com.

29. Underrated also purchased the web domain rights for the URL clinicwednesdays.net.

30. Once the success of the Clinic Wednesdays events was apparent, Plaintiff began attempting to hijack the brand for Plaintiff's sole benefit.

31. Plaintiff threatened to prevent a Clinic Wednesdays event from taking place that had already been scheduled and for which talent had already been secured, if Underrated did not provide Plaintiff with administrator privileges for the Clinic Wednesdays Facebook page.

32. Underrated refused to capitulate to this extortion attempt by Plaintiff, and denied Plaintiff's demand that Underrated turn over the administrator rights to its social media pages.

33. After Underrated refused to transfer administrator rights to Plaintiff, Plaintiff closed Station 1640 on March 20, 2019, the day of a scheduled Clinic Wednesdays event for which Underrated had already booked an artist and sold tickets.

34. Following the forced cancellation of the March 20, 2019 Clinic Wednesdays event, previously purchased tickets had to be refunded to the purchasers, thereby causing losses to the Underrated Defendants.

35. Following the attempted extortion by Plaintiff, Underrated was forced to find a new venue for its Clinic Wednesdays events.

36.   Underrated thereafter moved its Clinic Wednesdays events to Sayers Club.

37.   Following this change of venue, Plaintiff grew frustrated that he was unable to convince Underrated to return to Station 1640.

38.   As a result of this frustration, Plaintiff made additional threats to the Underrated as a last-ditch effort to commandeer Underrated goodwill associated with the Mark, the event, and the overall brand Underrated conceived and marketed.

39.   Plaintiff has asserted, in the instant action and otherwise, that he is the owner of the CLINIC WEDNESDAY Trademarks.

40.   Plaintiff has asserted, in the instant action and otherwise that the Underrated Defendants have infringed on his trademark rights in the CLINIC WEDNESDAY Trademarks.

41.   Plaintiff has taken control of and claims ownership of the web domain at the URL clinicwednesdays.com

### FIRST COUNTERCLAIM
*Declaratory Judgement of Non-Infringement*

42.   The Underrated Defendants repeat and re-allege paragraphs 1-41 and incorporates them herein by reference.

43.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgement of non-infringement.

44.   A judicial declaration is necessary and appropriate so that the Underrated

13

Defendants may ascertain its rights regarding the continued use of the CLINIC WEDNESDAYS Trademarks.

45.   The Underrated Defendants are entitled to a declaratory judgement they have not infringed and do not infringe, either directly or indirectly, any valid and enforceable rights Plaintiff purportedly has in the CLINIC WEDNESDAYS Trademarks.

## SECOND COUNTERCLAIM
*Declaratory Judgement of Ownership and the Exclusive Right to Use*

46.   The Underrated Defendants repeat and re-allege paragraphs 1-41 and incorporates them herein by reference.

47.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgement regarding ownership and the exclusive right to use.

48.   The Underrated Defendants have priority of use of the CLINIC WEDNESDAYS Trademarks over Plaintiff.

49.   The Underrated Defendants have priority of use of the CLINIC WEDNESDAYS Trademarks in commerce over Plaintiff.

50.   A judicial declaration is necessary and appropriate so the Underrated Defendants may ascertain their rights regarding the ownership and continued use of the CLINIC WEDNESDAYS Trademarks, as well as the Underrated Defendants' right to exclude Plaintiff from using the CLINIC WEDNESDAYS Trademarks.

51.   Cyril Bitar is entitled to a declaratory judgement that the he is the owner of the CLINIC WEDNESDAYS Trademarks.

### THIRD COUNTERCLAIM
*Unfair Competition - 15 U.S.C. § 1125(a).*

52.   The Underrated Defendants repeat and re-allege paragraphs 1-41 and incorporates them herein by reference.

53.   The CLINIC WEDNESDAYS Trademarks are distinctive to both the consuming public and in the Underrated Defendants' trade.

54.   The Underrated Defendants have expended substantial time, money, and resources marketing, advertising, and promoting the live entertainment and music event services provided under the CLINIC WEDNESDAYS Trademarks.

55.   The live entertainment and music event services provided under the CLINIC WEDNESDAYS Trademarks by the Underrated Defendants are of high quality and have gained notoriety for such high quality.

56.   As a result of the Underrated Defendants efforts, the CLINIC WEDNESDAYS Trademarks have come to signify the high quality of the live entertainment and music event services designated by the CLINIC WEDNESDAYS Trademarks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Cyril Bitar.

57.   Upon information and belief, Plaintiff began using marks identical or confusingly similar to the CLINIC WEDNESDAYS Trademarks in connection with

live entertainment and music events, after the Underrated Defendants ceased

holding the Clinic Wednesdays events at Station 1640.

58.   Upon information and belief, Plaintiff continues to use the CLINIC

WEDNESDAYS Trademarks in connection with live entertainment and music

events.

59.   The Underrated Defendants have never granted a license or any other form

of permission or acceptance of the use of the CLINIC WEDNESDAYS Trademarks

by Plaintiff.

60.   Plaintiff's use of the CLINIC WEDNESDAYS Trademarks without a

license or any other form of permission or acceptance of such use from the

Underrated Defendants was intentional and performed with the full knowledge that

the Underrated Defendants objected to Plaintiff's use of the CLINIC

WEDNESDAYS Trademarks.

61.   Defendant's infringing acts as alleged herein have caused and are likely to

cause confusion, mistake, and deception among the relevant consuming public as to

the source or origin of the Plaintiff's live entertainment and music events and have

and are likely to deceive the relevant consuming public into believing, mistakenly,

that Plaintiff's live entertainment and music events originate from, are associated or

affiliated with, or otherwise authorized by the Underrated Defendants.

62.   Upon information and belief, Plaintiff's acts are willful with the deliberate

intent to trade on the goodwill of Cyril Bitar's CLINIC WEDNESDAYS

Trademarks, cause confusion and deception in the marketplace, and divert potential sales of the Underrated Defendants' live entertainment and music events to the Plaintiff.

63.   Plaintiff's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to the Underrated Defendants and to their valuable reputation and goodwill with the consuming public for which the Underrated Defendants have no adequate remedy at law.

64.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

65.   Upon information and belief, Plaintiff's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff with the Underrated Defendants.

66.   Plaintiff's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.   Plaintiff's conduct as alleged herein is causing immediate and irreparable harm and injury to the Underrated Defendants, and to their goodwill and reputation, and will continue to both damage the Underrated Defendants and confuse the public unless enjoined by this court. The Underrated Defendants have no adequate remedy at law.

68.   Cyril Bitar is entitled to, among other relief, injunctive relief and an award

of actual damages, Plaintiff's profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act,

15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## FOURTH COUNTERCLAIM

*Statutory Service Mark Infringement - Cal. Bus. & Prof. Code § 14245(a)*

69.   The Underrated Defendants repeat and re-allege paragraphs 1-41 and 53-63,

and incorporates them herein by reference.

70.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS

Trademarks has occurred in the state of California.

71.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS

Trademarks as alleged herein constitutes use of a false designation of origin and

misleading description and representation of fact.

72.   Upon information and belief, Plaintiff's conduct as alleged herein is willful

and is intended to and is likely to cause confusion, mistake, or deception as to the

affiliation, connection, or association of Plaintiff with the Underrated Defendants.

73.   Plaintiff's conduct as alleged herein constitutes unfair competition in

violation of Cal. Bus. & Prof. Code § 14245(a).

74.   Plaintiff's conduct as alleged herein is causing immediate and irreparable

harm and injury to the Underrated Defendants, and to their goodwill and reputation,

and will continue to both damage the Underrated Defendants and confuse the public

unless enjoined by this court. The Underrated Defendants have no adequate remedy

at law.

75.   Cyril Bitar is entitled to, among other relief, injunctive relief and an award of actual damages, Plaintiff's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## FIFTH COUNTERCLAIM
*California Common Law Service Mark Infringement*

76.   The Underrated Defendants repeat and re-allege paragraphs 1-41, and 53-63, and incorporates them herein by reference.

77.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS Trademarks has occurred in the state of California.

78.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

79.   Upon information and belief, Plaintiff's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Plaintiff with the Underrated Defendants.

80.   Plaintiff's conduct as alleged herein constitutes trademark infringement under California Common Law.

81.   Plaintiff's conduct as alleged herein is causing immediate and irreparable harm and injury to the Underrated Defendants, and to their goodwill and reputation,

and will continue to both damage the Underrated Defendants and confuse the public

unless enjoined by this court. The Underrated Defendants have no adequate remedy

at law.

82.   Cyril Bitar is entitled to, among other relief, injunctive relief and an award

of actual damages, Plaintiff's profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action, together with prejudgment and post-

judgment interest.

### SIXTH COUNTERCLAIM
*Dilution - Cal. Bus. & Prof. Code § 14247*

83.   The Underrated Defendants repeat and re-allege paragraphs 1-41, and 53-

63, and incorporates them herein by reference.

84.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS

Trademarks has occurred in the state of California.

85.   The CLINIC WEDNESDAYS Trademarks are distinctive and "famous

marks" within the meaning of Cal. Bus. & Prof. Code § 14247.

86.   The CLINIC WEDNESDAYS Trademarks became distinctive and famous

prior to the Plaintiff's acts as alleged herein.

87.   Plaintiff's acts as alleged herein have diluted and will, unless enjoined,

continue to dilute and are likely to dilute the distinctive quality of the famous

CLINIC WEDNESDAYS Trademarks.

88.   Plaintiff's acts as alleged herein have tarnished and will, unless enjoined,

continue to tarnish, and are likely to tarnish the CLINIC WEDNESDAYS

Trademarks by undermining and damaging the valuable goodwill associated

therewith.

89.   Plaintiff's acts as alleged herein are intentional and willful in violation of

Cal. Bus. & Prof. Code § 14247, and have already caused Plaintiff irreparable

damage and will, unless enjoined, continue to so damage Plaintiff, which has no

adequate remedy at law.

90.   Cyril Bitar is entitled to, among other relief, injunctive relief and an award

of actual damages, Plaintiff's profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action, together with prejudgment and post-

judgment interest.

### SEVENTH COUNTERCLAIM
*Dilution – California Common Law*

91.   The Underrated Defendants repeat and re-allege paragraphs 1-41and 53-63,

and incorporates them herein by reference.

92.   Plaintiff's unauthorized use in commerce of the CLINIC WEDNESDAYS

Trademarks has occurred in the state of California.

93.   The CLINIC WEDNESDAYS Trademarks are distinctive and "famous

marks" within the state of California.

94.   The CLINIC WEDNESDAYS Trademarks became distinctive and famous

prior to the Plaintiff's acts as alleged herein.

21

95.   Plaintiff's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of the famous CLINIC WEDNESDAYS Trademarks.

96.   Plaintiff's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the CLINIC WEDNESDAYS Trademarks by undermining and damaging the valuable goodwill associated therewith.

97.   Plaintiff's acts as alleged herein are intentional and willful and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

98.   Cyril Bitar is entitled to, among other relief, injunctive relief and an award of actual damages, Plaintiff's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## **PRAYER**

WHEREFORE, Underrated prays for judgement in its favor and against the Plaintiff as follows:

a. A declaratory judgement of non-infringement by the Underrated Defendants;

b. A declaratory judgement of Cyril Bitar's superior ownership rights in the Mark;

22

c. A declaratory judgement of Cyril Bitar's right to exclude Plaintiff from using the CLINIC WEDNESDAY Trademarks; and

d. That Plaintiff has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

e. Granting an injunction permanently enjoining the Plaintiff, his attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    i. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote any services in conjunction with the CLINIC WEDNESDAY Trademarks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the CLINIC WEDNESDAYS Trademarks;

    ii. engaging in any activity that infringes the Underrated Defendants' rights in CLINIC WEDNESDAYS Trademarks;

    iii. engaging in any activity constituting unfair competition with the Underrated Defendants;

    iv. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (A)

23

Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with the Underrated Defendants or (B) the Underrated Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff;

v. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark CLINIC WEDNESDAYS or any other mark that infringes or is likely to be confused with the CLINIC WEDNESDAYS Trademarks; and

vi. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (v).

f. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Plaintiff are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with the Underrated Defendants or constitute or are connected with the Underrated

24

Defendants' services.

g. Directing Plaintiff to formally abandon with prejudice any and all of its applications to register the mark CLINIC WEDNESDAYS or any mark consisting of, incorporating, or containing the mark CLINIC WEDNESDAYS or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

h. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Plaintiff to file with the court and serve upon the Underrated Defendants' counsel within thirty (30) days after service on Plaintiff of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Plaintiff has complied therewith.

i. Awarding the Underrated Defendants an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

j. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding the Underrated Defendants their costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

k. Awarding the Underrated Defendants interest, including prejudgment and post-judgment interest, on the foregoing sums.

l. Awarding such other and further relief as the Court deems just and proper

1

## **DEMAND FOR JURY TRIAL**

2

3

Underrated demand a trial by jury of all issues properly triable by a jury.

4

Dated: 08/22/2019

5

Respectfully submitted,

6

 /s/ Samuel E. Cooley

7

Samuel E. Cooley, Esquire

8

MAXEY-FISHER, PLLC

9

100 Second Avenue South
Suite 401 North

10

St. Petersburg, Florida 33701
Telephone: (727) 230-4949

11

Facsimile: (727) 230-4827

12

Email: scooley@maxeyfisher.com

13

*Counsel for Defendants Underrated*

14

*Presents, Inc., Cyril Bitar, Jordan Ziv, and*
*Michael Westerband*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of August 2019, a true and correct copy of DEFENDANT UNDERRATED PRESENTS, INC. AND CYRIL BITAR'S ANSWER AND, AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT; AND COUNTERCLAIMS has been filed electronically with the Clerk of the Court using the CM/ECF filing system. In accordance with Local Rule 5-3.1.2, Local Rule 5-3.2.1, and Federal Rule of Civil Procedure 5, I have mailed the forgoing via the United States Postal Service to the last known address of Plaintiff, as Plaintiff is a pro se litigant not yet registered for CM/ECF service:

Mr. Danny Bitar
2700 Cahuenga Boulevard East
#4301
Los Angeles, California 90068

/s/Samuel E. Cooley
Samuel E. Cooley, Esquire
MAXEY-FISHER, PLLC
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Facsimile: (727) 230-4827
Email: scooley@maxeyfisher.com

*Counsel for Defendants Underrated
Presents, Inc., Cyril Bitar, Jordan Ziv, and
Michael Westerband*