Samuel E. Cooley, Esquire (Cal. Bar No. 308933)
MAXEY-FISHER, PLLC
100 Second Avenue South, Suite 401N
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Email: scooley@maxeyfisher.com
*Counsel for Defendants, Underrated Presents Inc., Cyril Bitar, Jordan Ziv, and Michael Westerband*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY BITAR., <br><br> Plaintiff, <br><br> v. <br><br> 1645 NW, LLC, et al, <br><br> Defendants. | Case No.: 2:19-cv-07123-AB-FFM <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS JORDAN ZIV AND MICHAEL WESTERBAND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** <br><br> [(Proposed Order) filed concurrently herewith] <br><br> Judge: Hon. André Birotte Jr. <br><br> Date: October 04, 2019 <br> Time: 10:00 A.M. <br> Courtroom: 7B |

PLEASE TAKE NOTICE that Defendants Jordan Ziv, and Michael Westerband (collectively, "Defendants"), through their attorneys, will move this Court to Dismiss the claims against Defendants contained within Plaintiff's Complaint for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) before the Honorable André Birotte Jr., in Courtroom 7B of the above-entitled Court, located at United States

Courthouse, 350 West First Street, Los Angeles, California 90012, as soon thereafter as the matter may be heard, for an Order dismissing the claims against Defendants for failure to state a claim and for other and further relief as the Court deems just and proper. In support, Defendants submits Defendants' Memorandum of Law dated August 22, 2019 in support of this Motion to Dismiss, which is incorporated below this notice.

This motion is made without following the conference of counsel pursuant to L.R. 7-3. Defendant had seven (7) days to file a response upon removal to federal court. Given the meet and confer requirements, Defendants' last day to hold said meet and confer would have landed on the day the case was transferred. Counsel for co-Defendant Sayers Club contacted Plaintiff to seek an extension, but Plaintiff rejected the request. Plaintiff also demanded that no further contact via email be attempted by Counsel. Plaintiff informed that future emails will be ignored, the only acceptable method of contact is mail, and Plaintiff would not entertain any requests that would not benefit him. A copy of this communication is attached hereto as Exhibit A.

It is within this Court's discretion whether to deny a motion based on failure to comply with L.R. 7-3. *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (considering a motion filed in violation of Local Rule 7-3 because "[f]ailure to comply with the Local Rules does not automatically require the denial of a party's motion, ... particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply"). Plaintiff would not be prejudiced due to the failure to hold the meet and confer, as Plaintiff's actions alone made the

possibility of a meet and confer impracticable. Defendants would be prejudiced if required to satisfy the meet and confer requirement of L.R. 7-3 when Plaintiff is unwilling to participate in such discussions.

DATED: August 22, 2019

By: /s/ Samuel E. Cooley
Samuel E. Cooley, Esq.
*Counsel for Defendants Underrated Presents, Inc., Cyril Bitar, Jordan Ziv, and Michael Westerband*

# DEFENDANTS JORDAN ZIV AND MICHAEL WESTERBAND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants Jordan Ziv and Michael Westerband, as individuals (collectively, "Defendants"), hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against Defendants contained within Plaintiff's Complaint.

Plaintiff's claims are vague, conclusory, and based solely on allegations which fail to state a claim upon which relief can be granted. Moreover, Plaintiff's Complaint fails to sufficiently detail the manner in which Defendants allegedly infringed and diluted trademarks, engaged in unfair business practices, or engaged in unfair competition. Consequently, the Defendants are unable to frame a responsive pleading without risk of prejudice. Accordingly, the Court should dismiss all of Plaintiff's claims against the Defendants.

## I. STATEMENT OF FACTS

On July 17, 2019, Plaintiff filed its Complaint in the Superior Court of California against Defendants alleging common law trademark infringement in the First Cause of Action, federal and state claims for common law trademark dilution in the Second and Third Causes of Action, and unfair competition in the Fourth and Fifth Cause of Action. Compl. ¶¶ 20-39. The common law trademark at issue is the CLINIC WEDNESDAYS word mark (the "Mark"). Compl. ¶¶ 10, 13, 16, and 20-39.

## II. ARGUMENT

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action "for failure to state claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Rule 12, which provides for dismissal of a plaintiff's cause of action for 'failure to state a claim on which relief can be granted,' *see* Fed.R.Civ.P. 12(b)(6), must be read in conjunction with Federal Rule of Civil Procedure 8(a)." *Melendez v. U.S. Bank National Association*, 2016 WL 446528 at *3 (C.D. Cal. February 2, 2016)(citing *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir.2003). "Rule 8 requires that '[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id* (citing Fed.R.Civ.P. 8(a)(2)).

In a decision addressing requirements of Rule 8(a)(2) and the standards for granting a Rule 12(b)(6) motion, the U.S. Supreme Court has stated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, (citation omitted), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

a defendant has acted unlawfully. [citation omitted]. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id*.

In *Twombly*, the Court affirmed a district court's decision to dismiss an antitrust complaint that did not allege facts "plausibly" suggesting the existence of an agreement in violation of Section 1 of the Sherman Act. *Twombly* at 1964-70. In doing so, the Court explained that "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."[1] *Id*. at 1965 n.3 (citations omitted).

Therefore, in order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id* at 1974. Dismissal for failure to state a claim is appropriate if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

---

[1] In *Twombly*, the Court "retired" the traditional standard adopted fifty years earlier in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69 (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft* at 678(citing *Twombly* at 1955).

### B. The Court Should Dismiss All Causes of Action Against Jordan Ziv Within Plaintiff's Complaint Because Plaintiff's Allegations are Speculative and Conclusory and thus Fail to State a Claim Upon Which Relief Can Be Granted.

The only actions that Plaintiff alleges against Jordan Ziv individually are that 1) he "was, and is, the Chief Financial Officer and Director of UNDERRATED" [Complaint at ¶ 6] and 2) "BITAR, ZIV, and/or WESTERBAND removed PLAINTIFF from Clinic Wednesdays' Facebook administration and converted the Facebook page to indicate that Clinic Wednesdays were moving permanently to SAYERS CLUB" [Complaint at ¶ 15]. The first allegation simply states Jordan Ziv's positions within UNDERRATED, which does not form the basis for any causes of action.

The second allegation simply alleges that all or one of the executives of UNDERRATED amended the administration of Clinic Wednesdays' Facebook Page and modified the text contained therein. [Complaint at ¶ 15]. This allegation is the equivalent of alleging that UNDERRATED took this action. Furthermore there is no factual allegation as to the ownership of Clinic Wednesdays' Facebook page. [*See generally* Complaint]

Accordingly, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," therefore dismissal for failure to state a claim is appropriate because the Plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly* at 1974. "Factual allegations must be enough to raise a right to relief above

the speculative level," which is not the case with the factual allegations against Mr. Ziv. *Id.*

### C. The Court Should Dismiss All Causes of Action Against Michael Westerband Within Plaintiff's Complaint Because Plaintiff's Allegations are Speculative and Conclusory and thus Fail to State a Claim Upon Which Relief Can Be Granted.

The only actions that Plaintiff alleges against Michael Westerband individually are that 1) he "was, and is, Director of UNDERRATED" [Complaint at ¶ 7] and 2) "BITAR, ZIV, and/or WESTERBAND removed PLAINTIFF from Clinic Wednesdays' Facebook administration and converted the Facebook page to indicate that Clinic Wednesdays were moving permanently to SAYERS CLUB" [Complaint at ¶ 15]. The first allegation simply states Michael Westerband's positions within UNDERRATED, which does not form the basis for any causes of action.

The second allegation simply alleges that all or one of the executives of UNDERRATED amended the administration of Clinic Wednesdays' Facebook Page and modified the text contained therein. [Complaint at ¶ 15]. This allegation is the equivalent of alleging that UNDERRATED took this action. Furthermore there is no factual allegation as to the ownership of Clinic Wednesdays' Facebook page. [*See generally* Complaint]

Accordingly, Plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face," therefore dismissal for failure to state a claim is appropriate because the Plaintiff failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly* at 1974. "Factual allegations must be enough to raise a right to relief above

the speculative level," which is not the case with the factual allegations against Mr. Westerband. *Id*.

## III.  CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court dismiss Plaintiff's claims against the Defendants.

Dated: August 22, 2019

    Respectfully submitted,

/s/ Samuel E. Cooley
Samuel E. Cooley, Esquire
MAXEY-FISHER, PLLC
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Facsimile: (727) 230-4827
Email: scooley@maxeyfisher.com
*Counsel for Defendants Underrated Presents, Inc., Cyril Bitar, Jordan Ziv, and Michael Westerband*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August 2019, a true and correct copy of DEFENDANTS JORDAN ZIV AND MICHAEL WESTERBAND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) has been filed electronically with the Clerk of the Court using the CM/ECF filing system. In accordance with Local Rule 5-3.1.2, Local Rule 5-3.2.1, and Federal Rule of Civil Procedure 5, I have mailed the forgoing via the United States Postal Service to the last known address of Plaintiff, as Plaintiff is a pro se litigant not yet registered for CM/ECF service:

    Mr. Danny Bitar
    2700 Cahuenga Boulevard East
    #4301
    Los Angeles, California 90068

/s/ Samuel E. Cooley
Samuel E. Cooley, Esquire
MAXEY-FISHER, PLLC
100 Second Avenue South
Suite 401 North
St. Petersburg, Florida 33701
Telephone: (727) 230-4949
Facsimile: (727) 230-4827
Email: scooley@maxeyfisher.com
*Counsel for Defendants Underrated Presents, Inc., Cyril Bitar, Jordan Ziv, and Michael Westerband*